IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIK BENNETT                          :          CIVIL ACTION
                                       :
           v.                          :
                                       :
SUPERINTENDENT RANDY IRWIN,            :          NO. 22-5015
et al.                                 :

MEMORANDUM

Bartle, J.                                              June 4, 2026

        Before the court is the motion of Malik Bennett "to reopen appellant process nunc pro tunc under Rule 60(b)."

        The court on June 25, 2024 approved the May 24, 2024 Report and Recommendation of Magistrate Judge Lynne Sitarski and dismissed the petition of Malik Bennett for habeas corpus relief under 28 U.S.C. § 2254 on the ground that it was time barred. See 28 U.S.C. § 2244(d). His counsel had filed the petition twenty-one days too late. The court did not grant a certificate of appealability.

        Bennett, who was convicted in 2009 of first degree murder and related offenses, has now filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from this court's June 25, 2024 order. Rule 60(b)(1)-(5) lists five specific reasons for allowing relief. Rule 60(b)(6), the only subsection of Rule 60(b) that could possibly be applicable, is a catch-all which provides that a "court may relieve a party …

from a final judgment, order, or proceeding for … any other reason that justifies relief."

Bennett does not argue that the undersigned erred in approving Magistrate Judge Sitarski's Report and Recommendation and in dismissing his § 2254 petition.  Rather, he asserts that his habeas counsel was ineffective in filing his petition out-of-time.

Bennett may not raise under § 2254 the ineffectiveness or incompetence of his counsel during a federal or state collateral post-conviction proceeding.  See 28 U.S.C. § 2254(i).  The Supreme Court, however, has allowed motions under Rule 60(b)(6) when they attack some defect in the integrity of the habeas corpus proceeding and not the court's resolution on the merits.  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).  This court did not rule on the merits in Bennett's petition except to decide that the actual innocence exception to the time bar did not apply.  Bennett, it appears, is challenging the integrity of the habeas proceeding when he asserts his counsel was ineffective at that juncture for filing his petition late.  He is not advancing a new claim to overturn his conviction but rather seeking to have his remaining habeas claims adjudicated on the merits.

While there is no specific deadline for bringing a Rule 60(b)(6) motion, Rule 60(c) requires that the motion "must

be made within a reasonable time."  Significantly, relief may be granted only under "extraordinary circumstances."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988); Ackermann v. United States, 340 U.S. 193, 199-202 (1950).  A lack of diligence in filing a Rule 60(b)(6) motion negates any argument of an extraordinary circumstance.  Gonzalez, 545 U.S. at 537-38.

Bennett states that he had little or no communications with his counsel from December 16, 2022 through December 28, 2023.  He asserts that she had had a "severe stroke" and as a result was late with his filing.  He further points to the February 20, 2026 Order of the Pennsylvania Supreme Court transferring his counsel to inactive status for an indefinite period.  Absent from his pending motion is any information as to when he first learned that the filing was late.  Magistrate Judge Sitarski's May 24, 2024 Report and Recommendation disclosed this fact.  The court dismissed his petition as untimely on June 25, 2024.  Bennett, who has the burden of proof, has not established any compelling reason why he waited almost two years, until April 13, 2026 to file his Rule 60(b)(6) motion.  He has not demonstrated it was made within a reasonable time.  Based on the record before the court, Bennett has not shown he acted diligently and thus has not presented an extraordinary circumstance justifying relief.

Assuming that Bennett's motion is proper under Rule 60(b)(6), said motion will be denied.